NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH COP, | : | |
|     Plaintiff, | : | Civ. No. 04-5433 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | : | |
|     Defendant. | : | |

**BROWN, District Judge**

    This matter comes before the Court upon the appeal of plaintiff Joseph Cop ("Plaintiff") from the Commissioner of Social Security's ("Commissioner") final decision that Plaintiff was not entitled to Social Security and Supplemental Security Income under Sections 216(i) and 223 of the Social Security Act ("the Act").  This Court, exercising jurisdiction pursuant to 42 U.S.C. § 405(g), and having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, will deny Plaintiff's appeal.

**I.    BACKGROUND**

    On May 7, 2002, Plaintiff filed an application for disability insurance benefits under Title II and Part A of Title XVIII of the Act, with a protective filing date of April 16, 2002.  Record ("R.") at 114-16.  Plaintiff based his application for disability benefits on hypertension, high blood sugar levels due to Type 2 Diabetes, back and shoulder pain, respiratory problems resulting from asthma and emphysema, shortness of breath, leg cramps, poor eyesight, and severe hearing

loss. R. at 126. Plaintiff alleged that these ailments resulted in breathing problems and an inability to concentrate, stand or sit for long periods of time. Id. On or about August 26, 2002, the Social Security Administration denied Plaintiff's disability benefits claim. R. at 69-74. A request for reconsideration of this decision was denied on October 28, 2002. R. at 81-84. On or about November 6, 2002, Plaintiff filed a Request for Hearing by Administrative Law Judge. R. at 89. On February 10, 2004, Administrative Law Judge ("ALJ") Daniel Shellhamer conducted a hearing to determine whether Plaintiff was disabled and thus entitled to benefits. See R. at 31-63.

Plaintiff was the sole witness at the hearing. Plaintiff's counsel submitted that Plaintiff's work history included employment as an assembler for GM, a taxi driver, and a light package delivery driver. R. at 36. In questioning by the ALJ, Plaintiff testified that he can sit comfortably for approximately five to thirty minutes before having to get up. R. at 40. Plaintiff further testified that he has had no income since his last time of employment. Id. Plaintiff testified that his educational experience included graduating high school as well as a mechanic school. Id.

Plaintiff testified that he has trouble walking up the stairs of his home while carrying anything heavy. R. at 38. Plaintiff further testified that he stopped driving in March 2003 because he couldn't afford the insurance and due to the discomfort he experienced while sitting for long periods of time. R. at 38-39. Plaintiff testified that his last employment was the taxi driver position for eight months during 2001. R. at 40-41. Plaintiff testified that he was terminated from that position in his estimation because he was not familiar enough with the area that he served. See R. at 41. Plaintiff testified that he sought further employment elsewhere following his termination but was unsuccessful. R. at 42.

Plaintiff testified that his vision has gotten progressively worse and was diagnosed as uncorrectable. R. at 47. Furthermore, Plaintiff testified that he was diagnosed as having suffered a herniated disk that is the likely cause of his back pain in addition to the pain in his legs. See R. at 48-49. Plaintiff testified that due to the pain, he can stand for periods of approximately ten to fifteen minutes before his back tightens and that he can walk for approximately one-tenth of a mile. R. at 54-55. Plaintiff also testified that his breathing problems affect his ability to engage in activities. R. at 58.

The ALJ issued a decision on April 28, 2004, in which he determined that Plaintiff is not disabled as defined in the Act and accompanying regulations. R. at 16. The ALJ concluded that, although Plaintiff suffers from a severe impairment or combination of impairments, he retains the residual functional capacity to return to the work he performed in the past. Id. In his written opinion, the ALJ noted the Social Security Administration's sequential evaluation process followed to determine disability. See R. at 17-28; 20 C.F.R. § 404.1520 (2005). After reviewing the entire record, the ALJ made the following findings: 1) Plaintiff meets the nondisability requirements for a Period of Disability and Disability Insurance Benefits under Section 216(i) of the Act and is insured for benefits through the date of the ALJ decision; 2) Plaintiff has not engaged in substantial gainful activity since December 21, 2001; 3) the medical evidence established that Plaintiff suffers from impairments which are severe but do not meet or equal criteria of any of the impairments listed in the regulations; 4) Plaintiff's assertions concerning the severity of his impairments, and their impact on his ability to work, were not totally credible; 5) Plaintiff retains the residual functional capacity to perform the exertional demands of medium work, or work which requires maximum lifting of fifty pounds and frequent lifting of up to

twenty-five pounds, although that capacity is diminished by significant additional impairments; 6) Plaintiff's past relevant work as a courier for an auto dealer, taxi driver, and service representative did not require the performance of work functions precluded by his medically determinable impairment; 7) Plaintiff's impairments do not prevent him from performing his past relevant work; and 8) Plaintiff is not under a disability as defined in the Act at any time through the date of the ALJ's decision.  R. at 28.

On or about May 3, 2004, Plaintiff requested that the Appeals Council review the ALJ's decision.  R. at 11-12.  The Appeals Council denied the request on September 24, 2004.  R. at 5-7.  Plaintiff then filed the instant civil action with this Court, seeking review of the Social Security Administration's denial of disability benefits.

**II.   DISCUSSION**

A.  Standard Of Review For Social Security Appeals

The Commissioner's decisions as to questions of fact are conclusive before a reviewing court if they are supported by "substantial evidence in the record."  42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).  "Substantial evidence" means more than "a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)(citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The Third Circuit has made it clear "that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). The ALJ must analyze all the evidence and explain the weight he has given to probative exhibits. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)(internal citation omitted). As the Third Circuit has held, access to the ALJ's reasoning is indeed essential to a meaningful court review. Fargnoli, 247 F.3d at 42. Nevertheless, the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)(citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).

B.  Standard For Awarding Benefits

A plaintiff may not receive benefits under the Act unless he or she first meets statutory insured status requirements. A plaintiff must be disabled, which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is not under a disability unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exist for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

5

Regulations promulgated under the Act establish a five-step process for an ALJ's evaluation of a claimant's disability. 20 C.F.R. § 404.1520 (2005). In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is working and the work is a substantial gainful activity, his application for disability benefits is automatically denied. Id. If the claimant is not employed, the ALJ proceeds to step two and determines whether the claimant has a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). A claimant who does not have a "severe impairment" is not disabled. Id. Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 of this subpart ("the Listing"). 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is conclusively presumed to be disabled, and the evaluation ends. Id.; 20 C.F.R. § 404.1520(d).

If it is determined that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of: (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity," or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is found capable of performing his previous work, the claimant is not disabled. Id. If the claimant is no longer able to perform his prior line of work, the evaluation must continue to the last step. The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). The ALJ must consider the RFC assessment, together with claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(g). Thus, entitlement to benefits turns on a finding that the claimant is incapable of

performing her past work or some other type of work in the national economy because of her impairments.

The application of these standards involves shifting burdens of proof. The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits. Id. If the claimant carries these burdens and demonstrates that the impairments meet or equal those within the Listing, claimant has satisfied her burden of proof and is automatically entitled to benefits. Id. If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the impairment prevents her from performing her past work." Id. Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why she is unable to perform such work. If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy." Id. The step five analysis "can be quite fact specific." Burnett v. Commissioner, 220 F.3d 112, 126 (3d Cir. 2000).

C.  The ALJ's Decision Was Based Upon Substantial Evidence In The Record

Plaintiff alleges that the ALJ's decision was not based upon substantial evidence in the record. Specifically, Plaintiff alleges errors in the sequential evaluation process at steps two, three, and four. Accordingly, this analysis will begin at step two.[1]

---

[1] Under step one of the analysis, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since December 21, 2001. R. at 17.

First, Plaintiff contests the ALJ's finding at step two that Plaintiff's diagnosed adjustment disorder with depression was not severe so as to diminish Plaintiff's ability to perform basic work related functions. Pl.'s Br. at 15. Plaintiff also contests the ALJ's finding that Plaintiff's visual impairment was similarly not severe as to affect his ability to perform basic work activities. Id. The Commissioner responds that the medical evidence supports the ALJ's findings that Plaintiff's visual impairment and depression have not affected his ability to do the basic activities of work. Def.'s Br. at 11-12.

The record before the Court supports the ALJ's findings on this point. With respect to Plaintiff's diagnosed adjustment disorder, as the ALJ noted, the psychological examination referencing Plaintiff's diagnosed adjustment disorder was an otherwise favorable assessment of Plaintiff's abilities and condition. R. at 324-27. The ALJ additionally addressed a subsequent assessment of Plaintiff that further supported the finding that Plaintiff's impairments were not severe. See R. at 328-41. With respect to Plaintiff's visual impairment, although there is no dispute as the Plaintiff's vision of 20/20 in his right eye and 20/200 in his left eye, R. at 410, there is no further evidence in the record to support Plaintiff's claim that the impairment prevented him from returning to work. By Plaintiff's own admission, he is able to drive, R. at 325, and he did not mention his visual impairment as a reason why he no longer drives. R. 38-39. Consequently, the Court finds that there is sufficient credible evidence in the record to support the ALJ's finding in step two that Plaintiff's impairments are not severe as defined by the Act.

Next, Plaintiff contests the ALJ's finding at step three where the ALJ is required to determine whether Plaintiff's impairments meet or are equal to the impairments in the Listing.

See R. at 17-24.  However, Plaintiff erroneously asserts that the ALJ failed to make the required comparisons between Plaintiff's impairments and those in the Listing.  The record clearly demonstrates which impairments in the Listing the ALJ compared Plaintiff's impairments to.  R. at 18-21; see also R. at 21-27.  The instant case is thus dissimilar from the case cited by Plaintiff, Burnett v. Commissioner, 220 F.3d 112 (3d Cir. 2000), where the Third Circuit remanded the matter because the ALJ "'merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment,' without identifying the relevant listed impairments, discussing the evidence, or explaining his reasoning."  Id. at 119 (citation omitted).  Here, the record plainly shows that the ALJ's decision did not possess any of the flaws akin to those leading to the remand in Burnett.  See R. at 18-27.

      Plaintiff next contests the ALJ's determination of Plaintiff's RFC at step four.  Pl.'s Br. at 24-28.  Plaintiff maintains that "the ALJ is duty-bound to articulate a defensible, rational, evidentiary case regarding the crucial issue of what the claimant can still do despite his impairments and what he cannot do because of those impairments."  Pl.'s Br. at 24.  That is precisely what occurred in this case.  The record shows that the ALJ considered numerous medical records and evaluated Plaintiff's subjective complaints to calculate Plaintiff's RFC in concluding that Plaintiff could perform the exertional demands of "medium work."  R. at 21-27.  A careful review of the ALJ's decision on this point demonstrates that Plaintiff's allegation that the ALJ merely relied on "the totality of the record" is unfounded and not grounds to reverse the decision.

      Finally, Plaintiff contests the ALJ's determination that Plaintiff can perform the duties of his past relevant work, which includes positions as a courier for an auto dealer, a taxi driver, and

a service representative.  R. at 29-32.  Plaintiff questions the validity of this finding and asserts that his impairments preclude such work activities.  However, the ALJ based this finding on the work activities someone with Plaintiff's "medically determinable impairments" could perform.  See R. at 27-28.  With the burden on Plaintiff at this point, the ALJ did not find sufficient impairments to prevent Plaintiff from performing the work associated with those positions.  Furthermore, although Plaintiff questioned what those positions entail, the ALJ cited to the Department of Labor's Dictionary of Occupational Titles and Selected Characteristics manuals, which puts Plaintiff on notice of the positions the ALJ cited in this determination.  R. at 27.

The Court finds that the decision as a whole demonstrates the ALJ's reasoning and provides for meaningful court review.  Accordingly, the Court finds that the ALJ rendered a decision based upon substantial evidence and Plaintiff's appeal is denied.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff's appeal is denied.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: January 17, 2006


                                                  s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.